FILED
CLERK

4/19/2016 10:52 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

    - against -

ARNALDO VARGAS ESTRADA,

        Defendant.
------------------------------------------------------X

**ORDER**
90-CR-855 (SJF)

FEUERSTEIN, J.

On March 29, 1996, defendant Arnaldo Vargas Estrada ("defendant") was convicted, following a jury trial, of one (1) count of conspiracy to import cocaine into the United States in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B); one (1) count of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); and three (3) counts of importation of cocaine into the United States in violation of 21 U.S.C. §§ 952(a) and 960(b)(1)(B). On July 25, 1997, the Honorable Thomas C. Platt, United States District Judge, sentenced defendant, *inter alia*, to a term of imprisonment of three hundred sixty-five (365) months, to be followed by a period of supervised release for five (5) years. Pending before the Court is defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth herein, defendant's motion is denied.

I.    Background

Pursuant to the United States Sentencing Guidelines Manual ("the Guidelines") effective at the time of defendant's sentencing, defendant's base offense level was thirty-eight (38); his total offense level was forty (40); and his criminal history placed him in Criminal History Category I, resulting in an advisory Guidelines range of a term of imprisonment of between two hundred

1

ninety-two (292) to three hundred sixty-five (365) months. Judge Platt sentenced defendant to a term of imprisonment of three hundred sixty-five (365) months. Defendant's judgment of conviction was affirmed on appeal. U.S. v. Estrada, 164 F.3d 619 (2d Cir. Oct. 9, 1998) (unpublished opinion), cert. denied, 525 U.S. 1159, 119 S. Ct. 1070, 143 L. Ed. 2d 73 (1999).

On November 23, 1999, defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. By order dated January 8, 2007, Judge Platt denied defendant's motion. On appeal, the United States Court of Appeal for the Second Circuit vacated Judge Platt's order and remanded the matter "to allow the district court to hold an evidentiary hearing or otherwise develop a reviewable record" with respect to defendant's claim of ineffective assistance of trial counsel. 99-CV-7660-pl v. 99-CV-7660-dl, 329 F. App'x 311, 313 (2d Cir. May 13, 2009).

By order dated September 27, 2011, following an evidentiary hearing, Judge Platt again denied defendant's motion. See Vargas-Estrada v. United States, No. 99-cv-7660, Docket No. 30. By order dated July 30, 2012, the Second Circuit dismissed defendant's appeal of Judge Platt's September 27, 2011 order. Id., Docket No. 35.

Defendant now moves pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence to a term of imprisonment of two hundred sixty-two (262) months. The government contends, *inter alia*, that defendant is ineligible for a sentence reduction because his base offense level remains unchanged due to the amount of cocaine for which he was held accountable, i.e., four thousand six hundred seventy-two (4,672) kilograms.

II. Discussion

18 U.S.C. § 3582(c)(2) provides, in relevant part:

> "The court may not modify a term of imprisonment once it has been imposed except that– . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Supreme Court has held that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the [Sentencing] Commission." Dillon v. United States, 560 U.S. 817, 130 S. Ct. 2683, 2690, 177 L. Ed. 2d 271 (2010); see also U.S. v. Johnson, 732 F.3d 109, 116 (2d Cir. 2013) (holding that a Section 3582(c)(2) proceeding is "neither a sentencing nor a resentencing.") Since Section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding," Dillon, 560 U.S. 817, 130 S. Ct. at 1391, the sentencing court is not "free to address * * * arguments regarding [other] errors at [the defendant's] original, now-final sentencing." U.S. v. Mock, 612 F.3d 133, 134-35 (2d Cir. 2010).

"The Supreme Court has set forth a 'two-step inquiry' for resolving motions pursuant to § 3582(c)(2) for a sentence reduction." U.S. v. Christie, 736 F.3d 191, 194 (2d Cir. 2013) (citing Dillon, 560 U.S. 817, 130 S. Ct. at 2683); accord U.S. v. Bethea, 735 F.3d 86, 87 (2d Cir. 2013). First, the sentencing court must "determine that a reduction is consistent with § 1B1.10 * * * by determin[ing] the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Dillon, 560 U.S. 817, 130 S. Ct. at 2691. "Specifically, § 1B1.10 requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Id.

3

At the second step of the Dillon inquiry, applicable only if the defendant is found eligible for a reduction in sentence pursuant to Section 3582(c)(2), the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. 817, 130 S. Ct. at 2692. The policy statement in Section 1B1.10 "remains in play at th[e] [second] step as well." Mock, 612 F.3d at 137. Moreover, in considering whether, and to what extent, a reduction in the defendant's term of imprisonment is warranted, the Court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," U.S.S.G. § 1B1.10, App. Note 1(B)(ii), and may also consider his or her conduct while in prison that occurred after sentencing. See U.S. v. Figueroa, 714 F.3d 757, 761 (2d Cir. 2013) (citing U.S.S.G. § 1B1.10, App. Note 1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining ... whether a reduction in the defendant's term of imprisonment is warranted....")); U.S. v. Wilson, 716 F.3d 50, 53 (2d Cir. 2013) (accord). Thus, "even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate." Freeman v. United States, 131 S. Ct. 2685, 2694, 180 L. Ed. 2d 519 (2011).

A. Eligibility for a Sentence Reduction

As relevant here, Amendment 782 to the Guidelines, effective November 1, 2014, modified § 2D1.1(c) of the Guidelines by reducing the offense levels in the Drug Quantity Table by two (2) levels and, thereby, lowering the advisory Guidelines sentencing range for certain categories of drug-related offenses. Amendment 788 of the Guidelines, also effective November 1, 2014,

4

authorized retroactive application of Amendment 782 to individuals sentenced before its effective date, such as defendant, provided that no incarcerated defendant was released prior to November 1, 2015. See U.S. v. Vargas, 74 F. Supp. 3d 601, 602 (S.D.N.Y. 2015). Pursuant to Amendment 788, subsection (e) was added to § 1B1.10(e) of the Guidelines, which provides that "[t]he Court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

However, "[a] retroactive amendment to the Guidelines merely authorizes a reduction in sentence; it does not require one." Wilson, 716 F.3d at 52 (quotations and citation omitted); see also U.S. v. Rios, 765 F.3d 133, 137 (2d Cir. 2014), cert. denied by Bautista v. United States, 136 S. Ct. 56, 193 L. Ed. 2d 58 (2015) (reviewing the district court's denial of a motion to reduce the defendant's sentence under § 3582(c)(2) for abuse of discretion). Moreover, a court's discretion to reduce a sentence under Section 3582(c)(2) is limited by the Sentencing Commission's binding policy statement as set forth in § 1B1.10 of the Guidelines. See Freeman, 131 S. Ct. at 2693 ("The binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion.") Section 1B1.10 of the Guidelines provides, in relevant part:

> "(a) Authority–
>
>> (1) In General.– In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>>
>> (2) Exclusions.– A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if– (A) None of the amendments listed in subsection (d) is applicable to the defendant; or (B) An amendment listed in

subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.– Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment.–

(1) In General.– In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitation and Prohibition on Extent of Reduction.– (A) Limitation.– Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection. (B) Exception for Substantial Assistance.– If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. (C) Prohibition.– In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

* * *

(e) Special Instruction.– (1) The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

Thus, pursuant to the Sentencing Commission's policy statement, "[a]ll Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered

by retroactive amendment." Freeman, 131 S. Ct. at 2693 (citing U.S.S.G. § 1B1.10(b)(1)).

Under Amendment 782, defendant's base offense level remains unchanged at level thirty-eight (38). See U.S.S.G. § 2D1.1(c)(1). Specifically, even following Amendment 782, the Drug Quantity Table assigns the highest base offense level of thirty-eight (38) to cases involving, *inter alia*, four hundred fifty (450) kilograms or more of cocaine. Since defendant was held accountable for four thousand six hundred seventy-two (4,672) kilograms of cocaine, Amendment 782 does not have the effect of lowering his applicable guideline range. Thus, a reduction in defendant's sentence is not consistent with the Sentencing Commission's applicable policy statement, i.e., U.S.S.G. § 1B1.10(a)(2), and, therefore, is not authorized under Section 3582(c)(2). Accordingly, defendant's motion is denied on the basis that he is ineligible for a sentence reduction under Section 3582(c)(2).

III.   Conclusion

For the reasons set forth above, defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

SO ORDERED.

                                             /s/
                                     SANDRA J. FEUERSTEIN
                                     United States District Court

Dated:  April 19, 2016
       Central Islip, New York